IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA MELONEE WISE                                                                    PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:11cv136DPJ-FKB

ROBERT A. MCDONALD, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS                                                                         DEFENDANT

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO ENFORCE SETTLEMENT**

    Plaintiff Patricia Melonee Wise (now Green) brings this action to enforce the VA's Settlement Agreement to secure her employment as a professional pharmacist, while accommodating the vision problems she developed, at least in part, by her work around laser equipment used in identifying the prescription medicines she controls.  A full settlement of the Plaintiff's, Melonee's, Rehabilitation Act claims was reached in 2011.  The settlement granted her the realization of her Department of Labor worker's compensation award while preserving her skilled professional employment by assigning her to the critical tasks of managing patients' prescriptions through telephonic contact and computer assisted dispensing of the drugs.  Now, the VA has violated the Settlement Agreement by unilaterally changing Melonee's job description (functional statement).  The VA has now moved Plaintiff to a position as a telephone answer clerk only, denying her fulfillment of her profession and putting her position as GS-12 as a Department of Veterans Affairs pharmacist at risk.  The Plaintiff asks this court to enforce the Settlement Agreement as originally entered in this case.

    The Fifth Circuit in the case of *Bell v. Schexnayder*, 36 F.3d 447 (5th Cir. 1994), discussed extensively a district court's power to enforce settlements noting:

> . . . [A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties. (citation omitted) "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." (citation omitted). "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." (citation omitted). "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. . . .".

*Id.* at 449, 450.

The public and the judiciary have an interest in the expeditious, just, and final resolution of litigation. *Scarbrough v. Long,* 112 F. Supp. 2d 609, 615, 2000 U.S. Dist. LEXIS 13416, 20-21 (S.D. Miss. 2000). The present Settlement Agreement between the VA and Melonee must be accorded the full enforcement power of this federal court.

There is clear language in the settlement agreement itself that the Veterans' Administration recognized the continued jurisdiction of this federal court to reopen this case to enforce the parties' agreement. The settlement language agreed upon here is, if "the Agency has not complied with the terms of this Settlement Agreement, she [the Plaintiff] may pursue the remedies available to her at law to enforce the terms of this Agreement and that the U. S. District Court, in Civil Action No. 3:11cv136DPJ-FKB, entitled *Patricia Melonee Wise v. Eric K. Shinseki, Secretary, United States Department of Veterans Affairs,* shall retain jurisdiction for enforcement, if necessary, of this Agreement. " This Court has recently enforced a settlement where the controlling language was virtually identical, where the Court's Order of Dismissal had clearly stated:

> If any party fails to comply with the terms of this settlement agreed to by all parties, any aggrieved party may reopen the case for enforcement of the settlement agreement.

*Branum v. Valued Mbr. Credit Union*, 2015 U.S. Dist. LEXIS 38568, 3 (S.D. Miss. Mar. 26, 2015), Jordan, presiding, *Accord, Va. College, LLC v. Martin*, 2014 U.S. Dist. LEXIS 51913, 2014 WL 1464656 (S.D. Miss. Apr. 15, 2014). The same result must be imposed here. This court clearly has jurisdiction and the power to enforce the parties' agreement.

The underlying facts of this case show that Plaintiff Melonee Wise is an experienced, licensed, pharmacist who was assigned to telephone pharmacy duties as part of her settlement to accommodate her intermittent vision problems. As set forth in her original complaint, Plaintiff, Patricia Melonee Wise, is a pharmacist who has been employed at the Jackson, Mississippi, Sonny Montgomery VA Hospital, with exemplary performance evaluations. She has been so emloyed for more than fifteen (15) years. She is an individual with a disability under the meaning of the Rehabilitation Act, *i.e.*, she has and is suffering from Benign Essential Blepharospasms, Meige Syndrome, Cranial Cervical Dystonia, and Chronic Dry Eye Syndrome. These conditions cause involuntary muscle spasms around her eyes as a result of bright lights or other stimuli, and, without medical intervention, cause her eyes to lock shut temporarily. These conditions have further progressed to cause involuntary facial spasms with painful cervical and cranial spasms. These medical conditions have been diagnosed and recorded by her treating physicians and by physicians employed by the Defendant itself. Plaintiff has suffered from these conditions for more than six years, and in all likelihood will suffer from these conditions for the remainder of her life, which conditions limit one or more of the Plaintiff's major life activities, including seeing and working, under the conditions defined under the Rehabilitation Act and its implementing regulations at 29 C.F.R. § 1630.2(g).

Plaintiff is capable of performing the essential duties of her employment, but due to the Defendant's failure to provide her with a reasonable accommodation pursuant to its own policies and procedures, Plaintiff's disease state progressed so that she requires additional workplace accommodations as now imposed on the Defendant by the Department of Labor pursuant to form OWCP-5c, as well as the original request that Plaintiff be provided an area "free of laser operations" as stated in the original accommodation agreement. These laser scanners are used at the VA for a number of purposes such as patient pharmaceutical identification, quality control, and inventory.

On August 27, 2009, Cecelia Allred, M.D., Employee Health Physician employed by the Defendant, executed a Memorandum indicating in pertinent part that "medical records submitted shows that dazzling light seems to affect her [Plaintiff's] eye conditions causing double vision, eye muscle weakness, chronic eye fatigue and light sensitivity. She has been placed on temporary reasonable accommodation and feels that this has relieved much of her discomfort. Therefore, permanent reasonable accommodations similar to her temporary assignment would be recommended."

The temporary accommodation for the Plaintiff involved telephone duties. The VA unreasonably discontinued the accommodation that had been successful, leading to the commencement of this litigation in 2010. The VA is now, again, ending the successful accommodation, and again needlessly punishing Melonee without any offered justification or rational basis.

The law grants the Plaintiff the avenue to redress the VA's bad faith breach of the parties settlement agreement.

Federal law governs the validity of a settlement agreement when "the substantive rights and liabilities of the parties derive from federal law." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Here, the Plaintiff's substantive rights derive from the federal Rehabilitation Act. Federal law considers a settlement agreement to be a contract. *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). "A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v. Highland Capital Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 U.S. Dist. LEXIS 168420, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012). There was an offer and acceptance here. "Where a party has knowingly and voluntarily agreed to settle [her] claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-CV-1124-G, 2010 U.S. Dist. LEXIS 46631, 2010 WL 1904561 (N.D. Tex. May 12, 2010), *Crane v. Educ. Futures Group*, 2014 U.S. Dist. LEXIS 69484, 3-4 (N.D. Tex. May 21, 2014).

In the present case, the Plaintiff has been reduced to a mere clerical aide and denied the opportunity to serve in her full capacity as a practicing pharmacist. Also important for this Plaintiff is her fulfillment of practice requirements to keep her present GS rating. If she is not allowed to practice her profession, she risks being able to meet the hospital's minimum required credentials, creating the possibility for the Defendant VA to then fire her for cause, or at a minimum deprive her of her GS-12 rating. Meanwhile, the VA's need for an expert telephonic pharmacist still exists. The Defendant VA will better serve its veterans by keeping the Plaintiff on the job the Defendants had agreed to give her.

The motion to enforce must be granted.

Respectfully submitted, this the 27th day of April, 2015.

/s/Dennis L. Horn
Dennis L. Horn, Attorney for Plaintiff,
Patricia Melonee Wise (Green)

Dennis L. Horn (MSB #2645)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: 601-853-6090
Fax: 601-853-2878
hornpayne@gmail.com

## CERTIFICATE OF SERVICE

I, Dennis L. Horn, certify that I have this date filed a true and correct copy of the above and foregoing *Plaintiff's Memorandum in Support of Motion to Enforce Settlement* by the ECF system which automatically served copies on the following:

Hon. Angela D. Givens Williams
Assistant United States Attorney
U. S. Attorney's Office
188 E. Capitol St., Suite 500
Jackson, MS 39201
angela.williams3@usdoj.gov

Hon. Alyssa Wolpin Silberman
U. S. Department of Veterans Affairs
1500 E. Woodrow Wilson Dr.
Jackson, MS 39116
Alyssa.silberman@va.gov

This the 27th day of April, 2015.

/s/Dennis L. Horn
Dennis L. Horn